

**SO ORDERED.**

**SIGNED this 01 day of February, 2011.**

_Stephani W. Humrickhouse_
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILSON DIVISION

IN RE:                                          CASE NUMBER:

**DONALD KENT BRASWELL**                        **10-04622-8-SWH**
**SHERRY BOWLIN BRASWELL,**

    **DEBTORS**                                    **CHAPTER 7**


### ORDER ALLOWING TRUSTEE'S OBJECTION TO EXEMPTION

This matter is before the court upon the trustee's objection to exemption and the debtors'

response thereto.  A hearing was held in Raleigh, North Carolina, on January 18, 2011.

The debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 9,

2010.  On their Schedule C, the debtors claimed the property located at 515 Webster Street,

Cary, North Carolina, exempt pursuant to 11 U.S.C. § 522(b)(3)(B) as property held in joint

tenancy by the entirety.  On August 19, 2010, the trustee objected to the exemption.

The property at issue is the subject of a deed dated January 4, 2007, and recorded on

January 9, 2007.  The relevant language of the deed is:

> THIS DEED, made this 4th day of January 2007, by Secretary of Housing and
> Urban Development of Washington D.C., party of the first part, to KENT
> BRASWELL, a(n) married man, party(ies) of the second part,
> . . . .

The word "married" is hand-written on the provided line.  The trustee contends that the grantee

language does not create a joint tenancy by the entirety pursuant to N.C. Gen. Stat. § 39-13.6(b).

The debtors contend that because the grantee language is ambiguous, extrinsic evidence of the

intent of the parties should be relied upon.[1]

The creation of a tenancy of the entirety is prescribed by statute.  North Carolina General

Statute § 39-13.6(b) provides as follows:

> A conveyance of real property, or any interest therein, to a husband and wife vests
> title in them as tenants by the entirety when the conveyance is to:
>
> (1) A named man "and wife," or
> (2) A named woman "and husband," or
> (3) Two named persons, whether or not identified in the conveyance as husband
> and wife, if at the time of conveyance they are legally married;
> unless a contrary intention is expressed in the conveyance.

A granting clause which only names one spouse, whether by name or status, does not create a

tenancy by the entirety.  Ingram v. Easley, 227 N.C. 442, 42 S.E.2d 624 (1947) ("To create an

estate by entirety the spouses must be jointly entitled as well as jointly named in the deed  . . .  ")

 The granting clause names only Kent Braswell and does not include Mrs. Braswell's name, or

even the word "wife."  Thus, the language does not conform to the statutory requirements and

would not create a joint tenancy by the entirety.

The debtors argue that the granting clause contains an ambiguity which would entitle the

court to look past the specific language and consider evidence of the intent of the parties.  See,

e.g., Robinson v. King, 68 N.C. App. 86, 89-90, 314 S.E.2d 678, 771 (N.C. App.), rev. denied,

311 N.C. 762, 321 S.E.2d 144 (1984) (parole evidence regarding intent of parties allowed, in

---

[1] In order to avoid the necessity of an additional hearing, the court took testimony regarding
the intent of the parties surrounding the transfer of the property to the debtors.  Inasmuch as the
court does not find the language of the deed to be ambiguous, this testimony was not considered by
the court.

some circumstances, to clarify ambiguous deed).   Specifically, debtors allege that the phrase

"party(ies) of the second part" creates an ambiguity of whether there is another party composing

the grantee class.  However, assuming the debtors' interpretation, a tenancy by the entirety

would still not be created because the other party is neither named or described as a wife, as is

required by N.C. Gen. Stat. § 39-13.6(b).

The court does not find that an ambiguity exists by virtue of the "party(ies)" notation.  It

is merely a form accommodation which allows a deed preparer to easily designate several or

singular by "x'ing" out the portion of the word which does not apply.  Here the deed preparer did

nothing, and the court cannot attribute any conflicting interpretations to his or her failure to act.

Finding no ambiguity, the court may not consider extrinsic evidence of intent.  Instead, the court

is left with the plain language of the deed, which describes Mr. Braswell as "a married man"

with no statement of conveyance to his wife.  The use of this language does not create a joint

tenancy by the entireties, but in fact does the converse: it grants an interest solely in the husband

despite his noted married status.  United States v. One Parcel of Real Estate at 3229 S.W. 23rd

Street, Miami, Florida, 768 F. Supp. 340, 346 (1991) .

Accordingly, the property is not held in joint tenancy by the entirety and is not exempt

pursuant to 11 U.S.C. § 522.  The trustee's objection is allowed.

**SO ORDERED.**

END OF DOCUMENT